HALL, Judge.
The appellants, Wyona June and James J. Walton, contend the trial court erred in declaring a real property exchange agreement they entered into with the appellees, Clayton Runck, Jr. and Madelyne Runck, to be null and unenforceable. We disagree with the Waltons, finding the issues they raise on this appeal to be completely without merit. We further find that the points raised by the Runcks on cross appeal are equally without merit, except as to their contention that the trial court erred in ordering a sale of real property, which was subject to the exchange agreement at issue. In that regard, we agree and reverse.
In 1981, the Waltons and the Runcks entered into a real property exchange agreement, whereby the Waltons agreed to exchange property in North Dakota for Florida property the Runcks promised to, and eventually did, acquire. Each property was to have an equity value of approximately $550,-000 at the time of the exchange.
The trial court essentially-found that the exchange agreement was abandoned due to the inability of the parties to exchange the subject properties according to the terms of the 1981 agreement. The trial court, thus, declared the agreement null and void. The trial court also found that a power of attorney executed by Clayton Runck, Jr. in favor of one of his sons was invalid for various reasons.
In fashioning a final judgment in this instance, the trial court exercised its broad powers of equity. In an effort to return the parties to their original positions, the trial court gave the Waltons a sixty-eight percent equity interest in the Florida property, otherwise known as the Don-Dee Ranch, with a thirty-two percent interest therein to the Runcks. The trial court determined that the parties would realize their respective interests upon a sale of the Don-Dee Ranch, which the trial court duly ordered.
In their cross appeal, the Runcks contend, among other things, that the trial court was without authority to order a sale of the Don-Dee Ranch, absent a pleading or specific request for such by either of the parties to the instant action. The Waltons have stipulated that such was error and we agree.
Even though the trial judge may have foreseen further litigation between the parties herein and was attempting to make a final resolution of all matters by ordering a sale of the Florida property, there can .be no question that he was without jurisdiction to enter such an order disposing of the Don-Dee Ranch. See Ch. 64, Fla.Stat. (1991); Kirkland v. Kirkland, 492 So.2d 794 (Fla. 2d DCA 1986), and eases cited therein.
We therefore find the trial court erred in ordering a sale of the Don-Dee Ranch, absent a request for such by the parties. The trial court’s order, however, is affirmed in all other respects.
Accordingly, the instant case is remanded for correction of the final judgment consistent with this opinion.
FRANK, C.J., and PARKER, J., concur.